IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SARAH A. PHILLIPS SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 108-058 |
| ) | |
| CAROLE FABRICS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The captioned matter is before the Court on "Defendant's Notice of Plaintiff's refusal to Participate in the 26(f) Conference." (Doc. no. 19). Indeed, *pro se* Plaintiff filed an objection to the Court's order directing the parties to conduct a 26(f) conference and submit a joint 26(f) Report. (Doc. no. 20). Defendant filed a response to the objection. (Doc. no. 21).

The above-captioned case was filed in this Court on May 5, 2008, and on that same day, the Court issued an Order instructing the parties on the requirements to confer and submit a report pursuant to Federal Rule of Civil Procedure ("Federal Rule") 26(f). (Doc. no. 2). Defendant made its first appearance on September 22, 2008, when it filed its answer and affirmative defenses. (Doc. no. 9). In an effort to comply with the Court's Rule 26(f) Instruction Order, Defendant attempted to contact Plaintiff to schedule the conference. (Doc. no. 14). However, according to Defendant, "Plaintiff refused to contact Defendant, and to

participate in the conference." (Id. at 1). Thus, Defendant filed its own Rule 26(f) Report. (See id.).

As a result of the individually filed 26(f) Report, the Court issued an order re-iterating that the parties were under an obligation to confer pursuant to Federal Rule 26. (Doc. no. 17). The Court further explained that if Plaintiff intended to go forward with this case, she must participate in a Rule 26(f) conference. (Id. at 1-2). Accordingly, the Court ordered Plaintiff to cooperate with opposing counsel and further ordered the parties to conduct a conference within twenty (20) days from the date of the Order. (Id. at 2). Additionally, the Court ordered the parties to file a joint 26(f) Report within ten (10) days after the conference occurred. (Id.). Finally, Plaintiff was notified that under Loc. R. 41.1, failure to comply with the terms of the Order may result in dismissal of this case. (Id.).

On December 18, 2008, Defendant filed its notice of Plaintiff's refusal to participate in the 26(f) conference. (Doc. no. 19). Defendant asserts that on November 20, 2008, its counsel wrote to Plaintiff requesting "once again that Plaintiff contact Defendant regarding the 26(f) Conference," and attached the Court's November 18, 2008 Order. (Id. at 1). Defendant maintains that Plaintiff received and signed for the FedEx package on November 21, 2008, but as of the date of the filing of its notice of refusal to participate in the 26(f) conference, Plaintiff had failed to contact Defendant about the 26(f) conference.[1] (Id.).

Plaintiff does not contest her failure to participate in the 26(f) conference and in fact objects to the Court's November 18, 2008 Order, directing the parties to confer and submit

---

[1] Rather than submit a duplicate of Defendant's individually filed 26(f) Report, Defendant referred the Court back to its original 26(f) Report submission. (Doc. no. 19, p. 1).

2

a joint 26(f) Report. Plaintiff states:

> FOR THE COURT I SARAH ANN PHILLIPS SMITH OBJECT AND DISAPPROVE OF THE COURT ORDER TO HAVE A CONVENIENCE BY PHONE WITH THE DEFENDANTS AND THEIR ATTORNEYS THEIR CREDIBILITY AND MISCONSTRUE, FRIVOLOUS, FABRICATED DRAFTED REPORTS AND THEIR REQUEST FOR DOCUMENT FOR PRODUCTION FOR DISCOVERY IN THIS CASE HAS NO MERITS OR ELEMENTS THAT Would QUALIFY FOR THE DEFENDANT DEFENSE. I OBJECT TO THE DEFENDANTS AND THEIR ATTORNEYS WITH THEIR WORTHLESS PAPER TRAIL OF ACCUSATION, COMMANDS AND AMENDED MOTION TO DISMISS THIS CASE. THE DEFENDANTS ATTORNEY WITH HEARSAY AND FALSE ACTION AND NO EVIDENCE FOR THIS CASE THEIR DOCUMENT SHOULD BECOME VOID OR OFF THE RECORD. FOR THE COURT AND PRODUCTION FOR DISCOVERY I WILL ENTER DOCUMENTS AND AFFIDAVIT FOR EVIDENCE AND DISCOVERY WITH MORE TO BE ENTERED LATER.

(Doc. no. 20, p. 2) (emphasis in original). Plaintiff also attaches several other documents to her objection that appear to raise allegations that Defendant is, among other things, presumably using its company as a front for drugs and money laundering.[2]

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a

---

[2]Plaintiff's complaint is based on alleged employment discrimination. (See generally doc. no. 1).

3

district court has inherent power to dismiss a case for failure to prosecute . . . .").[3] Additionally, Rule 37(b) empowers the Court to dismiss a case with prejudice for failure to obey a discovery order, but only when: (1) the plaintiff's failure to comply with the court order is a result of willfulness or bad faith, and (2) the district court finds that lesser sanctions would not suffice. Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] willful disobedience or neglect of any order of the Court." Loc. R. 41.1(b).

Here, the Court ordered Plaintiff to cooperate with opposing counsel and warned Plaintiff that failure to comply with the terms of the November 18, 2008 Order may result in the dismissal of the case. (Doc. no. 17, p. 2). Notwithstanding the Court's instructions, Plaintiff failed to cooperate with Defendant, refused to meet for a 26(f) conference, and filed frivolous objections to the Court's November 18, 2008 Order. Additionally, Plaintiff's objections provide no viable excuse for Plaintiff's deliberate disobedience of the Court's order. The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

Moreover, the Court may dismiss a case *without prejudice* as a sanction. See, e.g., Mingo v. Sugar Cane Growers Co-op. of Florida, 864 F.2d 101, 102 (11th Cir. 1989).

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

Unless a statute of limitations or some other bar would prevent the plaintiff from refiling the action, a dismissal without prejudice is a lesser sanction subject to "a less stringent standard of review" than a dismissal with prejudice. Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 212 (5th Cir. 1976).

It is clear that sanctions are appropriate in this case. In addition to deliberately disobeying the Court's orders regarding her obligation to confer pursuant to Federal Rule 26, Plaintiff has steadfastly refused to cooperate with Defendant. (See doc. nos. 14, 19). As Plaintiff has already demonstrated her willingness to simply disobey any court order not to her liking, it seems doubtful that an order imposing monetary sanctions would pose a meaningful deterrent. However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file her case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** without prejudice and that this case be **CLOSED**. In light of the recommendation for dismissal, the Court also **REPORTS** and **RECOMMENDS** that

Plaintiff's "Motion Request Extension of Time" be deemed **MOOT**.[4] (Doc. no. 22).

SO REPORTED and RECOMMENDED this 27th day of January, 2009, at Augusta, Georgia.

                                         *[signature]*
                                         W. LEON BARFIELD
                                         UNITED STATES MAGISTRATE JUDGE

---

[4]In this motion Plaintiff states:

> With a New Year and a new president elect Barack Obama which plan to overhaul the nations infrastructure, also the laws and courts across the country in a deepening economic crisis. I Sarah A, Phillips Smith request for an extension of time for 90 more days for discovery and production of this case.

(Doc. no. 22, p. 2).