IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SARAH A. PHILLIPS SMITH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 108-058 |
| CAROLE FABRICS CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 31). The Magistrate Judge recommended dismissal of Plaintiff's case as a sanction for her failure to comply with a Court order. (Doc. no. 28).

Under Federal Rule 26 the parties are required to participate in a Rule 26(f) conference. However, Plaintiff refuses to participate. (See doc. nos. 14, 19). Plaintiff was instructed on two separate occasions that she was required to participate in a Rule 26(f) conference. (See doc. nos. 2, 17). On November 18, 2008, the Magistrate Judge explained to Plaintiff that she must participate in a Rule 26(f) Conference; he specifically ordered

Plaintiff to cooperate with opposing counsel; and, he cautioned her that failure to comply with the terms of the Order could result in the dismissal of her case. (Doc. no. 17, pp. 1-2). Notwithstanding the Magistrate Judge's instructions concerning Plaintiff's obligation to participate in a Rule 26(f) conference, Plaintiff failed to cooperate with Defendant, refused to meet for a 26(f) conference, and filed frivolous objections to the Court's November 18, 2008 Order. (Doc. no. 20).

In light of Plaintiff's actions, the Magistrate Judge concluded that sanctions are appropriate in this case because in addition to deliberately disobeying the Court's orders regarding her obligation to confer pursuant to Federal Rule 26, Plaintiff has steadfastly refused to cooperate with Defendant. (Doc. no. 28, p. 5). Therefore, as a sanction, the Magistrate Judge recommended dismissal of Plaintiff's case without prejudice. (Id.).

In response to the Report and Recommendation, Plaintiff filed an "objection" that consists of the following:

> FOR THE COURT I SARAH A. PHILLIPS SMITH OBJECTION [sic] TO THE COURT ORDER OF 1-27-2009. I OBJECT TO ALL OF THE REPORT AND RECOMMENDATION AND ORDER TO DISMISS MY CASE. THIS IS A MISCARRIAGE OF JUSTICE ON THE COURT ACTION. I DEMAND JUSTICAL [sic] ACCOUNTABILITY. I DEMAND JUSTICE IN THE COURT. THE COURT ACTION IS OUT OF CONTROL DAMAGLING [sic] JUSTICE FOR THIS DISCRIMINATION CASE COURT ACTION UNACCEPTABLE.

(Doc. no. 31, p. 2).

Notably missing from Plaintiff's objection is any reason for why Plaintiff failed to

2

comply with the November 18, 2008 Order and/or follow the Fed. R. Civ. P. 26. As such, Plaintiff's "objection" is **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** without prejudice, Plaintiff's "Motion Request Extension of Time" (doc. no. 22) is **MOOT**, and this civil action is **CLOSED**.[1]

SO ORDERED this 2nd day of April, 2009, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[1] All other pending motions are **MOOT**.

3